# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Floyd M. Sawyer,               :        Case No. 1:07CV3804

                Petitioner        :        Judge Solomon Oliver, Jr.

       v.                      :        Magistrate Judge David S. Perelman

Stuart Hudson, Warden,         :

                           :        **REPORT AND RECOMMENDED**
                Respondent        :        **DECISION**

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his July 18, 2005 sentencing to an aggregate term of imprisonment of thirteen years, consequent to his July 5, 2005 conviction pursuant to pleas of guilty to one count of aggravated robbery and one count of kidnapping, upon which he was sentenced to eight years on the aggravated robbery count and 5 years on the kidnapping count, with the sentences to run consecutively with each other.

Petitioner appealed his July 18, 2005 sentencing to the Ohio Ninth District Court of Appeals alleging the following two assignments of error:

    I.    Appellant's sentence for aggravated robbery is disproportionate to those of similarly situated defendants whose crime was similar or more serious such that the Appellant must be given a sentence in line with Ohio Revised Code §2929.11(B).

    II.   When imposing consecutive sentences in this case the trial court did not properly follow R.C. §2929.14(E)(4) and §2929.19(B)

AO 72A
(Rev. 8/82)

sentencing statutes and clearly state and align each rationale with the specific finding to support the decision for consecutive sentences.

On August 21, 2006, the appellate court affirmed the sentence imposed by the trial court.

Petitioner then appealed to the Ohio Supreme Court alleging three propositions of law:

    I.    Defendant-Appellant's constitutional rights under the XIV Amendment to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution were violated where the Ninth District Court of Appeals failed to vacate sentence based on unconstitutional statutes and remand the case to the trial court for a new sentencing hearing as mandated by the recent Ohio Supreme Court decision State v. Foster, _ Ohio St.3d _ ,2006-Ohio-856.

    II.    When imposing consecutive sentences in this case the trial court did not properly follow R.C. §2929.14(E)(4) and R.C. §2929.19(B) sentencing statutes and clearly state and align each rationale with the specific finding to support the decision for consecutive sentences.

    III.    Appellant's sentence for aggravated robbery is disproportionate to those of similarly situated defendants whose crime was similar or more serious such that the Appellant must be given a sentence in line with Ohio Revised Code §2929.11(B).

On December 27, 2006, the Ohio Supreme Court denied petitioner's leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On November 17, 2006, while his direct appeal to the Ohio Supreme Court was pending, petitioner filed a pro se motion to reopen his appeal in the Ohio Ninth District Court of Appeals pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, arguing that he had been denied the effective assistance of appellate counsel in the following particulars:

    I.    The Appellant was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment [sic] rights under the United States Constitution and Art I section 10 of the Ohio Constitution for counsels [sic] failure to raise the issue that the trial court abused its discretion when it imposed consecutive

2

sentencing before considering judicial fact finding which is contrary to law.

II. The Appellant was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I section 10 of the Ohio Constitution for counsels [sic] failure to raise the issue that trial counsel was ineffective for failure in objecting to the trial court imposing consecutive sentencing before considering judicial fact finding which is contrary to law.

On December 15, 2006, the appellate court denied the motion.

Petitioner appealed the denial of his application to reopen to the Ohio Supreme Court alleging the following propositions of law:

I. The Appellate court violated appellants right to due process and equal protection under the United States Constitution Amend. 14, and Ohio Const. Article I §16, §2. When the appellate court failed to apply the clear and convincing standard of review, and give substantial rteasons [sic] for it's plain denial of appellants rule 26(B) aplication [sic] after appellant had raised a genuine issue of appellate counsel's ineffective assistance on direct appeal.

II. Appellant was denied the effective assistance of appellate counsel in violation of his 6th and 14 U.S. Const. Amend and Ohio Const. Article I §10, §16. For counsel's failure to raise the issue that the trial court abused its discretion when it imposed consecutive sentences befor [sic] considering judicial fact-finding which is contrary to law.

III. Appellant was denied the effective assistance of appellate counsel in violation of his 6th and 14 U.S. Const. Amend. and Article I §10, §16 of the Ohio Const. For counsel's failing to raise the issue that trial counsel was ineffective for failure to object to the trial courts imposition of consecutive sentences befor [sic] considering judicial fact-finding which is contrary to law.

On April 18, 2007, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question

3

While that appeal was pending petitioner filed a pro se motion in the Court of Common

Pleas Medina County to withdraw his guilty plea, alleging two assignments of error:

> I.  Defendant was denied the effective assistance of his trial court
> counsel, when he induced this defendant to plead guilty through his
> erroneous and misleading advice of law and fact, concerning this
> defendants psychological report and diagnosis and it's applicability to
> existing law as a defense and mitigation.  Thus violating this
> defendants U.S. Const. 5th., 6th., 14th., and Ohio Const. Artivle [sic]
> I §2, 10, §16 ...
>
> II.  Defendant was denied the effective assistance of his trial court
> counsel, when counsel induced defendant to plead guilty to a specific
> six (6) year sentence that this defendant did not receive [sic], and may
> have been falsely presented by counsel.  Violateing [sic] this
> defendants U.S. Const. 6th. and 14th. Amend., and Oho [sic] Const.
> Article I §10, §16 ...

On April 19, 2007, the Court denied the petitioner's motion to withdraw his guilty plea.

Petitioner appealed the denial of this motion to the Ohio Ninth District Court of Appeals

alleging the following four assignments of error:

> I   The trial court erred when it denied appellants [sic] motion to
> withdraw his guilty plea and an evidentiary hearing on the
> matters of his counsel's ineffective assistance depriving
> appellants [sic] ple [sic] of a Knowing, Intelligent and
> Voluntary act. U.S. Const. 5th, 6th, 14th Amend. and Ohio
> Const. Article I §2, 5, 8, 10 and 16.
>
> II  The trial court erred when it denied appellants [sic] motion to
> withdraw his guilty plea and an evidentiary hearing, on
> thematters [sic] of counsel's failures to object as instructed by
> appellant to matters dureing [sic] the sentencing hearing that did
> prejudicially effect the Knowing, Intelligent and Voluntary
> nature of appellants guilty plea. U.S. Const. 5th, 6th, and 8th,
> and 14th Amend. and Ohio Const. Article I §5, 10 and 16.
>
> III  Trial court erred to prejudice of appellant when when [sic] it
> denied appellants [sic] motion to withdraw his guilty plea and
> an evidentiary hearing, where appellant did not Knowingly,

4

Intelligently and Voluntarily waive constitutional rights under CRIM,R, 11(C), when after appellant plead guilty to the indictment, the prosecutor made statements of unsubstatntiated [sic] additional facts, that was expted [sic] and relied on by the trial court in it's sentencing determination of appellant. U.S. Const. 5th, 8th, 10th and 14th Amend. and Ohio Const. Articles I §10 and 16.

IV   The trial court erred in denying appellants motion to withdraw his guilty plea and an evidentiary hearing, where the trial court failed to inform appellant that he may be subject to post-release control as part of appellants total sentence under CRIM.R. 11(C)(2)(a) and R.C. 2943.032, wherefor [sic] appellants [sic] plea was not made Knowingly, Intelligently, or voluntarily. U.S. Const. 5th, 6th, 8th and 14th Amend. and Ohio Const. Articles I §10 and 16.

On July 7, 2008 the Court of Appeals affirmed the judgement of the trial court denying the petitioner's motion to withdraw his guilty plea.

Petitioner then filed a motion to reconsider pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure.   On August 6, 2008, the Court of Appeals denied the motion for reconsideration.

Petitioner appealed the denial of his motion to reconsider to the Ohio Supreme Court alleging four propositions of law:

I   The trial court abused it's discretion when it denied appellant's motion to withdraw his guilty plea and an evidentiary hearing on the matters of his counsel's ineffective assistance which deprived appellant's plea of a knowing, intelligent and voluntary act. U.S. Const. 5th, 6th and 14th Amend., and Ohio const. Article I §2, 5, 10 and 16.

II   The trial court abused it's discretion when it denied appellant's motion to withdraw his guilty plea and an evidentiary hearingn [sic] the matters of counsel's failure to object to matters durcing [sic] the sentencing hearing that prjusicially [sic] effected the knowing, Intelligent and Voluntary nature of appellant's guilty

5

plea. U.S. Const. 5th, 6th, 8th and 14th Amens., and Ohio Const. Article I §5, 10 and 16.

III  The trial court abused it's discretion when it denied appellant's motion to withdraw his guilty plea and an evidentiary hearing, waive [sic] appellant did not Knowingly, Intelligently and Voluntarily waive his constitutional rights under Crim. R. 11(C), when thirteen days after appellant plead guilty to hte [sic] indictment, the state presented unsubstantiated and unproven aditional [sic] oral facts to the court that was excepted by the court in fashioning a sentence for appellant. U.S Const. 5th, 8th and 14th Amend and Ohio Const. Article I §10 and 16.

IV.  Appeals court abused it's discretion and plain error occured [sic] when it unreasonably applied a rule of law to arguments raised for the first time, and for failure to rule on each assigned error.

On January 28, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On December 13, 2007[1], petitioner filed the instant petition, in which he raises the following six claims for relief:

A.  **GROUND ONE:** Petitioners [sic] rights as guranteed [sic] under the United States Constitution fourteenth Amendment were violated were [sic] the appeals court failed to apply clearly established federal law to petitinera [sic] direct appeal made applicable through the OHIO SUPREME COURTS' decision in 'FOSTER'.

**Supporting FACTS:** Petitioner began his direct appeal process in September of 2005, petitioners [sic] appointed counsel for appeal filed petitioners [sic] brief in the month of DECEMBER, 2005, the state had not filed it's brief until January of 2006. The ninth district appeals court did not decide petitioners [sic] direct appeal until August of 2006. Before the OHIO SUPREME COURT made it's decision in 'FOSTER', only one appellate court in OHIO supported the United States Supreme Courts decisions in 'APPRENDI, BLAKELY, and BOOKER', all other appellate courts denied those

---

[1]The petition was stayed for a period of time upon petitioner's request in order to permit him to exhaust state remedies.

holding as not pertaining to OHIO's sentencing scheme, thus it would have been futile for petitioners [sic] appellate counsel to raise such ordinarily fatal claims at that time. On FEBRUARY 17, 2006, the OHIO SUPREME COURT made 'APPRENDI, BLAKELY and BOOKER' a part of OHIO's sentencing scheme through it's decision in STATE V. FOSTER, which issued a mandate binding on all OHIO lower appellate court to remand those cases pending on direct review and not yet final, based on portions of Ohio's sentencing statute being ruled as unconstitutional and offensive to clearly established Federal law. Petitioners [sic] direct appeal was undisputeably [sic] under review befor [sic], dureing [sic] and after the OHIO SUPREME COURT decided 'FOSTER' therefore petitioner was entitled to the benefits of the states newly imposed law. Notwithstanding petitioners [sic] direct appeal was decided by only a single Judge.

**B.**     **GROUND TWO:** Petitioners [sic] rights as guranteed [sic] under the United States constitution fifth, sixth and fourteenth Amendment wwere [sic] violated when petitioners [sic] counsel (A) rendered petitioner erroneous and misleading legal advice preventing petitioner from going to trial and (B) induced / coherced [sic] petitioner to plead guilty to an agreed specific senence [sic] petitioner did not recieve [sic], wherefore petitioners plea was not made Knowingly, Intelligently or Voluntarily.

**Supporting FACTS:** On July 05, 2005, petitioner and his trial court counsel had an attorney/client conversation outside the courtroom in a conferance [sic] room connected to the courtroom, were [sic] petitioners [sic] counsel advised petitioner (who stood on a plea of NOT GUILTY BY REASON OF INSANITY) erroneousely [sic] about the results of petitionersw [sic] psychological report (without showing petitioner the actual report) and the information regarding petitioners [sic] mental illness substance abuse and intaoxicated [sic] state at the time of the crime and its aplicability [sic] under the then existing law. This erroneous and misleading legal advice of petitioners counsel prevented petitioner from knowingly and Intelligently weighing his options and defences [sic] for a possible trial. After such erroneous and misleading inquirey [sic] from counsel, petitioners [sic] counsel then advised petitioner of a plea deal that had been formulated with the prosecutor, which consisted of the prosecutor dropping pettitioners [sic] charge of TAMPERING with EVIDENCE and recommending a sentence of six (6) years because they (counsel and the state) agreed that due to the

7

circumstances of the case petitioners [sic] crimes were ALLIED OFFENCES, thus petitioner would only have to plead guilty to the charges of Agg. Robbery and Kidnapping, in which petitioner only exepted [sic] because of counsel's prveous [sic] advice..

**C.     GROUND THREE:** Petitioners [sic] rights as guranteed [sic] under the sixth and fourteenth Amendment to the United States Constitution were violated when petitioners [sic] counsel failed to object to prosecutor misconduct for breaching the plea agreement, wherefore petitioners [sic] plea was not made Knowingly, Intelligently or Voluntarily.

**Supporting FACTS:** On July 18, 2005 dureing [sic] petitioners [sic] plea hearing, in bad faith the prosecutor Mr. Salzgeber, failed to recommend the specific six year sentence agreed to by petitioner, and brought to petitioner by his trial court counsel as areal [sic] agreement brought by the state. Petitioner plead guilty on July 05, 2005 thereby excepting [sic] the state offer of agreement, counsel had a duty to object to the state breech [sic] when he new [sic] this was the agreement he himself informed his client (petitioner) of, petitioner asked his counsel to object to this matter but counsel failed to do so..

**D.     GROUND FOUR:** Petitioners [sic] rights as guranteed [sic] under the United States Constitution FIFTH, SIXTH and FOURTEENTH Amendment were violated when petitioners [sic] counsel failed to object to prosecutor misconduct which involved prejudicial statements of facts and there infrances [sic] unsuported [sic] by the evidence, and involving the prosecutors' personal beliefs and oppinions [sic], wherefore petitioners [sic] plea was not made Knowingly, Intelligently or Voluntarily...

**Supporting FACTS:** On July 18, 2005 dureing [sic] petitioners [sic] sentencing hearing the prosecutor mad [sic] staements [sic] of fact that were not placed in the petitioners Indictment or BILL of PARTICULARS, and made thirteen (13) days after petitioner hd [sic] already plead guilty to the facts placed in his indictment and bill of particulars, These unsupported by the evidence facts that the state prjudicialy [sic] stated orally to the court were not admitted by petitioner or the victom [sic] in this case, nor were any of these facts supported by any material evidence such as a P.S.I or any victem [sic] impact statement(s), notwithstanding, the prosecutor stated his personal beliefs and oppinions [sic] as to petitioners [sic] crime and how it was committed, and as to whether petitioners [sic] crimes

8

were allied offences, although aware that petitioners [sic] plea
agreement was for allied offences,. petitioner asked his counsel to
object to this matter but counsel failed to do so..

E. **GROUND FIVE:** Petitioners [sic] rights as guranteed [sic] under
the United States FIFTH, SIXTH and FOURTEENTH amendment
were violated when petitioners [sic] counsel failed to object to the
trial courts failure to follow clerly [sic] established state and federal
law when determineing [sic] allied offences, wherefor [sic]
petitioners [sic] plea was not made Knowingly, Intelligently or
Voluntarily.

**Supporting FACTS:** On July 18, 2005 dureing [sic] petitioners
[sic] sentencing hearing, the trial court relied on the states personal
beliefs and oppiniions [sic] as to petitioners [sic] crimes as being
allied offences, as opposed to following clearly established state and
federal law under the two prong test enunciated in Ohio Revised
Code § 2941.25 and BLOCKBURGER. The trial court failed to
comply with the law and it's proceedure [sic] when it partook in it's
determination of petitioners [sic] crimes as being allied offences as
a critical issue which involves petitioners [sic] guilty plea and
jdouble [sic] jeopardy protection. Petitioner asked his trila [sic]
court counsel to object to this matter, but counsel failed to do so ...

F. **GROUND SIX:** Petitioners rights as guranteed [sic] under the
United States Constitution FIFTH, SIXTH, and FOURTEENTH
Amendment were violated when petitioners [sic] counsel failed to
object when the trial court exepted [sic] and relied on the states
prejudicial statements unsupported by the evidence and the
inferances [sic] drawn therefrom dureing [sic] petitioners [sic] guilt
phase of petitioners [sic] sentencing hearing...

**Supporting FACTS:** On July 18, 2005 dureing [sic] petitioners
[sic] guilt phase of the sentencing hearing, the trial court exepted
[sic] and relied on the unsupported by evidence oral facts by the
state thirteen (13) days after petitioner plead guiltyto [sic] the
indictment and bill of particulars and not admitted to by petitioner
or the victem [sic] which caused a variance between the information
relied on and the proof thereof which infers an unadmitted [sic] to
and unproved substantial overt act, where petitioner asked his
counsel to object, but counsel failed to do so ..

9

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).[2]

Respondent asserts that petitioner's claims raised in grounds two through six have been procedurally defaulted and are subject to dismissal on that basis.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus.  Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

As it is the task of this Court to only consider claims which were adjudicated on the merits in the state courts, this Court generally may not address claims which were not substantively analyzed by the state courts, either due to failure to raise them before the state courts while a remedy was available or due to a state procedural rule precluding merits review of such claim. Claims which fall into that category are procedurally defaulted and may be barred from consideration on federal habeas review.  Lancaster v. Adams, 324 F.3d 423, 436 (6th Cir. 2003), citing Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000).

---

[2]There are no issues of untimeliness in this case.

10

The Sixth Circuit Court of Appeals has delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error. Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Accord, Lancaster v. Adams, supra at 436.

Respondent argues that petitioner's second through sixth claims for relief were procedurally defaulted by reason of the fact that after affirming petitioner's sentence on direct appeal, the trial court had been divested of jurisdiction to even consider petitioner's motion to withdraw his guilty plea, the vehicle petitioner used to assert his claims of ineffective assistance of trial counsel pertaining to his sentencing.

Petitioner's second and third claims for relief, in which he asserts ineffective assistance of trial counsel during his plea proceedings, were first presented to the state courts as claims in support of the motion filed with the trial court to withdraw his guilty plea. Those claims should have been raised on direct appeal but were not. His fourth claim for relief, alleging ineffective assistance of trial counsel by reason of failure to object to the prosecutor's statements during his

11

sentencing hearing, were first raised on appeal of the denial of his motion to withdraw the guilty plea, but should have been raised on direct appeal of his conviction/sentence. Petitioner's fifth and sixth claims for relief, alleging ineffective assistance of trial counsel by reason of counsel's failure to object to the trial court's application of sentencing rules, were first raised on appeal to the state supreme court of the appellate court's affirmance of the denial of his motion to withdraw the guilty plea, but once again these claims should have been raised on direct appeal of his conviction/sentence.

While the failure to present those claims on direct appeal was advanced to the appellate court on appeal of the denial of his motion to withdraw the guilty plea, that court ruled instead on jurisdictional grounds, and held in pertinent part:

> A trial court loses its jurisdiction to consider a motion to withdraw a guilty plea, however, once an appeal has been taken and the defendant's conviction has been affirmed. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

> A trial court loses its jurisdiction to consider a motion to withdraw a guilty plea, however, once an appeal has been taken and the defendant's conviction has been affirmed. *State, ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). A trial court's grant of a post-sentence motion to withdraw a guilty plea, after the defendant's conviction has been affirmed, is inappropriate because permitting the withdrawal is inconsistent with the judgment of the appellate court. *Id*. at 97. See also *State v. Kovacek*, 9th Dist. No. 02CA008115, 2002-Ohio-7003, ¶7; *State v. Zudell*, 9th Dist. No. 02CA007982, 2002-Ohio-4253.

> The Medina County Common Pleas Court lost jurisdiction to consider Mr. Sawyer's motion to withdraw his guilty plea once this Court affirmed the trial court's judgment on direct appeal. This Court affirmed the judgment on August 21, 2006. Mr. Sawyer filed his motion to withdraw guilty plea on March 19, 2007. Because this Court had already affirmed the judgment on appeal, the trial court

12

> lost jurisdiction to consider Mr. Sawyer's motion to withdraw his
> guilty plea.

Applying the Maupin four-part analysis to the present case, petitioner failed to move to withdraw his plea of guilty prior to his sentencing, as he was obligated to do under Rule 32.1 of the Ohio Rules of Criminal Procedure. Instead, he waited until after his direct appeal was affirmed to file a motion with the trial court to withdraw his guilty plea, at which point the trial court had been divested of jurisdiction, and the appellate court affirmed the trial court's denial of the motion to withdraw guilty plea on that basis.

In Steimle v. Jackson, Case No. 1:04CV0813, 2005 WL 3357305 (N.D. Ohio), Judge Aldrich adopted a recommended decision of this Court in a case with similar procedural history, and held that filing a motion to withdraw a guilty plea at a point at which the trial court no longer has jurisdiction over the action constitutes a violation of state procedural rules, which is an adequate and independent ground that bars review in habeas corpus. In her decision Judge Aldrich noted:

> As the Sixth Circuit observed in *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001), analysis of this third prong 'will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims.' *Id.* at 673, quoting *Maupin*, 785 F.2d at 138. This court entertains no doubt that the state of Ohio holds both legitimate and compelling interests in: (1) promoting certitude and finality in criminal cases, by requiring defendants to file any motion to withdraw a plea in advance of sentencing; and (2) limiting the jurisdiction of its trial courts to matters not currently pending on appeal. [Petitioner's] asserted interest in federal protection of his due process rights is insufficient to justify interference with the state's reasonable and independent management of *res judicata* and jurisdictional principles.

13

Steimle v. Jackson, 2005 WL 3357305 at *2.

Petitioner's failure to timely file his motion to withdraw his guilty plea is an adequate and independent ground for barring review of the allegations of ineffective assistance of trial counsel which had been subsumed in that motion. Therefore, the claims of ineffective assistance of counsel petitioner now asserts as independent discrete claims for relief may only be considered if they survive the cause and prejudice test.

As regards cause for the foregoing procedural default petitioner alleges that "his direct appeal counsel advised petitioner not to file a post conviction petition on his claims of ineffective assistance of trial counsel...."

"Counsel's deficient performance may constitute cause for procedural default, but only if it is constitutionally ineffective under the standard established in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)." Howard v. Bouchard, 405 F.3d 459, 478 (6th Cir 2005) citing Murray v. Carrier, 477 U.S. 478, 488-89, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986). Error or imprudent tactical decision by an otherwise competent counsel does not constitute cause for a procedural default. Murray, 477 U.S. at 478. Only where counsel is constitutionally ineffective can his/her error be deemed "cause." Id. at 488-89. See, also, Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999). "[The petitioner's] ineffective assistance of appellate counsel claims can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective." Buell v. Mitchell, 274 F.3d 337, 351-52 (6th Cir. 2001).

14

Before a claim of ineffective assistance of counsel can be cited as cause for a procedural default, however, it must "be presented to the state courts as an independent claim." Murray, 477 U.S. at 489.

> The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits. But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be illserved by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," . . . and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Id. (Citation omitted). Accord, Edwards v. Carpenter, 529 U.S. 446 (2000).

"Counsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." Howard v. Bouchard, 405 F.3d 459, 485 (6th Cir. 2005) citing Greer v. Mitchell, 264 F.3d 663 (6th Cir. 2001). Therefore it must be determined whether petitioner's appellate counsel's performances "fell below prevailing professional norms, and whether, but for counsel's unprofessional errors, the outcome would have been different." Howard, 405 F.3d at 478 citing Strickland, 466 U.S. at 694.

Petitioner's argument in support of cause for the procedural default of failure to file a timely motion to withdraw, being that his direct appeal counsel advised him not to file a post conviction

15

petition on his claims of ineffective assistance of trial counsel, was not raised as an independent claim before the state courts.   Although in his Rule 26(B) application to reopen his direct appeal petitioner asserted ineffective assistance of appellate counsel, it was appellate counsel's failure to raise the ineffective assistance of trial counsel for failure to object to the trial court's imposition of consecutive sentences upon which petitioner relied in support of that claim, and not the reason articulated as cause for the procedural default herein.  Having failed to properly raise that assertion as an independent claim before the state courts, petitioner has not established cause for the procedural default under consideration.

Absent cause for the procedural default, petitioner's second through sixth claims for relief are subject to dismissal on that basis, and only his first claim for relief will be considered on the merits.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to *any claim that was adjudicated on the merits in State court proceedings* unless the adjudication of the claim—

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

AO 72A
(Rev. 8/82)

(Italics added.)

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

In his first claim for relief petitioner asserts that the state appellate court failed to properly apply State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), and thereby Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v.

17

Booker, 543 U.S. 220, 245, 259 (2005), to the direct appeal of his sentence.[3]  In appealing his

sentence petitioner specifically challenged the imposition of consecutive sentences alleging that

the "trial court did not properly follow R.C. §2929.14(E)(4) and §2929.19(B) sentencing statutes

and clearly state and align each rationale with the specific finding to support the decision for

consecutive sentences."

> The state appellate court rejected this claim, stating in pertinent part:

>> On February 27, 2006, the Ohio Supreme Court issued *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, and addressed several challenges to Ohio's sentencing guidelines. Relevant to the instant matter, the *Foster* Court found that the portions of R.C. 2929.14 and R.C. 2929.19 requiring judicial factfinding before the imposition of consecutive sentences were found unconstitutional. Id. at paragraphs one and three of the syllabus. However, the Supreme Court found that those sections were severable and that judicial factfinding was no longer required before the imposition of consecutive prison terms. Id. at paragraphs two and four of the syllabus. As a result of *Foster*, Appellant may not base error upon the trial court's failure to make the findings previously required by statute. *State v. Jenkins*, 9th Dist. No. 23012, 2006 Ohio 2852, at P4.

> In Foster the Ohio Supreme Court applied the Apprendi, Blakely, and Booker decisions to

the Ohio sentencing guidelines and held that parts of Ohio's felony sentencing scheme were

unconstitutional, including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, which

provide for judicial findings of fact in order to rebut presumptions in sentencing terms;

§2929.14(C), providing for the imposition of maximum sentences;  §2929.14(D)(2)(b), findings

for repeat violent offender;  §2929.14(D)(3)(b), major drug offenders;  §2929.14(E)(4), providing

---

[3]The decision in Foster was rendered while petitioner's direct appeal was pending, and was the basis of the appellate court's decision.

18

for the imposition of consecutive sentences; and §2953.08 (G), statutory findings for consecutive sentences in the appellate record. Foster, 109 Ohio St.3d 1, 62-67, 83. The constitutional violation was premised upon the fact that those provisions required judicial findings of fact beyond those either rendered by the jury or admitted to by the defendant. Ibid. Those offending portions of the sentencing code were severed, *but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact or to articulate reasons for imposing maximum or consecutive sentences.* Id. at 100.

This case differs from the typical Foster claim, in which a petitioner argues that a trial court engaged in impermissible factfinding. In the instant case, petitioner relying on now severed portions of the Ohio Revised Code and State v. Comer, 99 Ohio St. 3d 463 (Ohio 2003), argued on direct appeal that the state trial court had **not** specifically made the then required judicial findings and had failed to state and to align the supporting reasons on the record in order to impose consecutive sentences. It was not until the appellate court rejected that claim on the grounds that Foster no longer required judicial factfinding for consecutive sentences that petitioner made a Fourteenth Amendment and general Foster claim to the Ohio Supreme Court, which was dismissed as not involving any substantial constitutional question.

The constitutional issues at the core of the Apprendi/Blakely decisions concerned judicial factfinding in areas traditionally reserved for a jury. No judicial factfinding was present in the instant case, as evidenced by petitioner's own assignment of error on direct appeal. This Court finds that the state appellate court's conclusion regarding the petitioner's consecutive sentences is

19

not contrary to or an unreasonable application of clearly established federal law.    As a consequence, petitioner's first claim for relief must fail.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE:    August 21, 2009

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

AO 72A
(Rev. 8/82)