UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD M. SAWYER, | ) | Case No.: 1:07 CV 3804 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| STUART HUDSON, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On December 13, 2007, Petitioner Floyd M. Sawyer ("Sawyer" or "Petitioner") filed the instant Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court sentence. On July 5, 2005, Sawyer pled guilty to one count of aggravated robbery and one count of kidnapping. The trial court then imposed consecutive terms of imprisonment, which included eight years for robbery and five years for kidnapping. Sawyer now raises six constitutional grounds in support of his Petition for Writ of Habeas Corpus. On the first ground, he contends that his constitutional rights were violated when the appellate court failed to apply *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). For the remaining grounds, he contends that he was denied effective assistance of counsel. Specifically, he claims that his trial counsel erred as follows: rendered "erroneous and misleading" legal advice and coerced him into pleading guilty; failed to object to the prosecutor's misconduct for breaching the plea agreement; failed to object when the prosecutor made prejudicial statements of fact unsupported by evidence; failed to object to the trial court's

erroneous determination regarding allied offenses; and failed to object when the trial court relied on unsupported statements by the prosecutor in fashioning his sentence.

This court referred the case to Magistrate Judge David S. Perelman ("Magistrate Perelman") for preparation of a Report and Recommendation ("R&R"). Magistrate Perelman determined that grounds two through six of Sawyer's Petition relating to ineffective assistance of counsel had been procedurally defaulted as they were not properly raised before the state courts. With regard to his first ground that the appellate court failed to properly apply *Foster*, he concluded that while it did not fail on procedural grounds, it failed on the merits. He noted that on direct appeal, Sawyer challenged his consecutive sentences by arguing that the trial court failed to make particular findings of fact to support this decision. The state appellate court found that Sawyer's argument failed because pursuant to *Foster*, trial courts were no longer required to make findings of fact that were previously required under state statute. Magistrate Perelman then noted that on appeal to the Ohio Supreme Court, Sawyer then changed his argument, claiming that the trial court engaged in impermissible fact-finding under *Foster*. The Ohio Supreme Court dismissed the appeal, holding that it did not involve any substantial constitutional question. The Magistrate Judge found that the trial court did not engage in "judicial factfinding . . ., as evidenced by petitioner's own assignment of error on direct appeal" and that therefore the state appellate court did not act contrary to or engage in an unreasonable application of clearly established federal law in rejecting this argument. (R&R at 19-20.)

Sawyer, thereafter, filed an Objection to the R&R, claiming that Magistrate Perelman erred in two regards. First, he claims that, contrary to the Magistrate Judge's finding, the trial court did engage in judicial fact-finding. However, based on the court's reading of the sentencing transcript, it is not clear that the court did engage in judicial fact-finding apart from mentioning those facts already

admitted by Sawyer. Furthermore, Sawyer argued on appeal before the state appellate court that the trial court failed to make the required factual findings to support the imposition of a consecutive sentence. Consequently, the state appellate court, pursuant to *Foster*, correctly determined that there was no error when the trial court failed to make factual findings, which were no longer required. (Court of Appeals of Ohio, Ninth Judicial District, August 21, 2006 Decision, ECF No. 19-1, at 121, citing *State v. Jenkins*, No. 23012, 2006 Ohio 2582 (Ohio Ct. App. June 7, 2006)). Sawyer also argued, in his Objection, that the state appellate court erred by failing to remand the case back to the trial court for an order consistent with the *Foster* decision. However, as Magistrate Perelman properly noted, *Foster* was the basis of the appellate court's decision to affirm the trial court's sentence; therefore, it was unnecessary to remand the case.

Second, Sawyer argues that the final grounds are not procedurally defaulted because this court "failed to acquire subject matter jurisdiction." (Pet'r Objection to R&R at 2, ECF No. 28). He bases this argument on a claim that the state appellate court lacked jurisdiction to hear his direct appeal. These arguments, however, are also without merit. This court has subject matter jurisdiction over Sawyer's Petition for habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, the court rejects the objections Sawyer raises to the R&R.

After careful, *de novo* review of Magistrate Perelman's R&R, Petitioner's Objections, and all other relevant documents, the court finds that Magistrate Perelman's conclusions are fully supported by the record and controlling case law. For the reasons stated above, the court hereby adopts the R&R, denies Sawyer's Petition (ECF No. 1), and final judgment is hereby entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could

-3-

not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                        /S/ SOLOMON OLIVER, JR.
                        UNITED STATES DISTRICT JUDGE

January 29, 2010